THOMAS J. GREEN, PLAINTIFF IN ERROR, *v.* WILLIAM CUSTARD.

Where the Circuit Court of the United States has jurisdiction over the parties and cause of action, by virtue of the 12th section of the judiciary act, it cannot be affected by any amendment of the pleadings, changing the cause of action, or by the proviso to the 11th section.

The evils commented upon, arising from the courts of the United States permitting the hybrid system of pleading from the State codes to be introduced on their records.

THIS case was brought up by writ of error from the District Court of the United States for the western district of Texas.

The facts and history of the case are stated in the opinion of the court.

It was argued by *Mr. Frederick P. Stanton* for the plaintiff in error, no counsel appearing for the defendant.

Upon the principal point involved in the case, *Mr. Stanton* said:

The court below properly acquired jurisdiction of the case as made by the original petition, which alleged that Custard was a citizen of Texas, and Green a citizen of Massachusetts.

Act of 1789, ch. 20, sec. 12.
But it had no authority to remand the case to the State court; the only alternative was, to dismiss it altogether.

The right to have his case tried in the Federal court, in a proper case for removal, is an absolute legal right in the party so removing it.

Ward *v.* Arredondo, Paine's C. C. R., 410.

Beardsley *v.* Torre, 4 Wash., 286.

Gibson *v.* Johnson, Peters C. C. R., 44.

Gordon *v.* Longest, 16 Pet., 97.

It is only causes improperly removed which will be remanded.

Laws U. S. Courts, 147, which quotes Pollard *v.* Dwight, 4 Cranch, 421.

Wright *v.* Wells, 1 Pet. C. C. R., 220, is an authority to show that a party, after a removal of the cause, cannot amend so as to oust the jurisdiction of the Federal court. And the rule is just; for otherwise a party would only have to exercise his ingenuity to suggest matters of amendment, either true or false, in order to send the case back to the State court. Of these amendments, the Federal court, having no jurisdiction, could not inquire at all.

Mr. Justice GRIER delivered the opinion of the court.

This case originated in the District Court for the county of McLennan, in the State of Texas, where Custard had instituted his suit against Green by attachment, claiming to recover from him the balance due on a judgment entered on a mortgage given by Green to one Arthur, on lands in California. Green appeared, and moved to have his cause removed to the District Court of the United States, he being a citizen of Massachusetts, and Custard a citizen of Texas—the case coming clearly within the provisions of the 12th section of the judiciary act of 1789.

It is probably because this case originated in a State court, that the court below permitted the counsel to turn the case into a written wrangle, instead of requiring them to plead as lawyers, in a court of common law. We had occasion already to notice

the consequences resulting from the introduction of this hybrid system of pleading (so called) into the administration of justice in Texas. (See Toby *v.* Randon, 11 How., 517, and Bennet *v.* Butterworth, 11 How., 667, with remarks on the same in McFaul *v.* Ramsey, 20 How., 525.) This case adds another to the examples of the utter perplexity and confusion of mind introduced into the administration of justice, by practice under such codes.

Without attempting to trace the devious course of demurrers, replications, amendments, &c., &c., which disfigure this record, it may suffice to say that the plaintiff, beginning, after some time, to discover that he could not recover on his original cause of action, among other amendments set forth an entirely new cause of action, to wit, a note given by Green, payable to "Arthur or order," for $5,000, without any endorsement or assignment by Arthur to plaintiff, but which Custard alleged he had obtained "*in due course of trade.*"

After further demurrers, exceptions, &c., &c., and after taking testimony in California, wholly irrelevant to any possible issue in the case, the record exhibits the following judgment:

"And now on this day came the parties by their attorneys, and the court being now sufficiently advised upon the questions submitted, is of opinion that the judgment, the original cause of action in this case, is not conclusive—in fact, is a nullity; but because the parties plaintiff have amended their petition herein, setting forth the note the base of said judgment, and as it has become a part of the pleadings in this case, and the court being of the opinion that, upon the note, the court is debarred from entertaining the case further in this court, for want of jurisdiction, it is therefore considered by the court that the cause ought to be remanded. It is therefore ordered and decreed that this case, with all the papers belonging to the same, be and is hereby remanded to the District Court of McLennan county for further action."

So far as this judgment treats the original cause of action "as a nullity," it could not be objected to; and perhaps the same remark might have equally applied to the amended por-

tion. But the conclusion, that the court had no jurisdiction to proceed further, and the order to remand the case to the State court to try the other half of it, is a clear mistake, for which the judgment must be reversed.

If Green had been a citizen of Texas, and Custard had claimed a right, as endorsee of a citizen of Texas, to bring his suit in the courts of the United States, because he (Custard) was a citizen of another State, the case would have occurred which is included in the proviso to the 11th section of the act which restrains the jurisdiction of the court. But the United States court had jurisdiction of this case, by virtue of the 12th section. It is a right plainly conferred on Green, a citizen of Massachusetts, when sued by a citizen of Texas, in a State court of Texas, no matter what the cause of action may be, provided it demand over five hundred dollars. The exception of the 11th section could have no possible application to the case.

Let the judgment be reversed, and the case remanded for further proceedings.