LAIRD *v.* CONN. & PASS. RIVERS RAILROAD.     { MARCH 12, 1875.

*Removal of Cause to Federal Court.*

In August, 1872, the plaintiff, a citizen of this state, commenced a suit against the defendants, a Vermont corporation, which was entered at the September term of the supreme judicial court for this county. In March, 1874, the plaintiff, in good faith, removed to and became a citizen of Vermont. At the September term, 1874, the defendants filed a petition, &c., for the removal of the cause to the circuit court of the United States for New Hampshire under the act of March, 1867. *Held,* that, inasmuch as both parties were citizens of the same state at the time the petition was commenced, there was no right then in existence under the constitution of the United States upon which jurisdiction in the federal court could be based, and the petition must therefore be denied.

CASE, for setting fire to and burning the plaintiff's property. The defendants are a Vermont corporation. At the time the suit was brought (August 17, 1872), the plaintiff was a citizen of New Hampshire, living at Monroe in this county, and is so set up in the writ. About the last of March, 1874, the plaintiff removed to St. Johnsbury in Vermont, in good faith, where he has taken up his permanent abode with his family with no intention of returning to this state. On the first day of the September term, 1874, the defendants' counsel announced their intention to move that the cause be removed to the federal court, under the act of March 2, 1867, but the papers were not

then in readiness to be filed. Subsequently the plaintiff filed the following motion in writing entitled of the term : " And now, on the second day of said term, the plaintiff moves that in all future orders made and processes issued in said case the said plaintiff may be described and set up as of St. Johnsbury, in the county of Caledonia and state of Vermont." The defendants filed an affidavit and bond in due form as required by law, and moved that the cause be removed to the federal court under the act of March, 1867.

The defendants' counsel denied all knowledge by the corporation that the plaintiff had removed to Vermont since the commencement of the suit. The plaintiff's counsel claimed that the corporation had such knowledge, but there was no evidence one way or the other except the claims of counsel as aforesaid.

The questions arising on the foregoing statement and motions were transferred to this court for determination by LADD, J.

*Geo. A. Bingham* (with whom were *Burke* of Vermont, and *Spring*), for the defendants, cited *Morgan* v. *Morgan*, 2 Wheat. 290; *Dunn* v. *Clarke*, 8 Pet. 1 ; *Clarke* v. *Mathewson*, 12 Pet. 164; *United States* v. *Myers*, 2 Brock. 516 ; *Green* v. *Custard*, 23 How. 484; *Hatch* v. *Dorr*, 4 McLean 112; *Thaxer* v. *Hatch*, 6 *id.* 68; 1 Abbott's U. S. Prac. 212; *Kanouse* v. *Martin*, 15 How. 198.

*Carpenter* (with whom was *H. Bingham*), for the plaintiff, cited *Huff* v. *Hutchinson*, 14 How. 586 ; *M'Nutt* v. *Bland*, 2 How. 9; Dwar. on St. 563–565; *Mollan* v. *Torrance*, 9 Wheat. 537; *Dunn* v. *Clarke*, 8 Pet. 1 ; *Morgan* v. *Morgan*, 2 Wheat. 296 ; *Smith* v. *Kernochen*, 7 How. 198.

LADD, J. The fact of the plaintiff's removal to Vermont in good faith six months before the bringing of this petition was established in the court below by the admission of the parties. The plaintiff desired to have that fact adjudicated in some way, in order that upon error to the judgment of this court in the supreme court of the United States it might appear as part of the record ; and the motion incorporated in the case was made with that view. Undoubtedly the fact of the plaintiff's removal to Vermont must in some way appear at the hearing on error, otherwise the question we are to decide will not be before the supreme court at all. But it seems unnecessary to consider this very unusual motion, because, as error must be brought to the judgment of this court, the record must show the facts upon which our present decision is based, as they appear in the statement sent here by the circuit court.

I am of opinion that the petition to remove the cause to the federal court should be denied ; and I base my judgment on the broad reason that by the constitution of the United States the federal court had, and could have, no jurisdiction of the parties or the cause at the time the motion was made.

Under the judiciary act of 1789 the right to remove was confined to

defendants, and the application must be made at the first term. It was then thought to be wise and just that the plaintiff, by bringing suit in the state court, should be held to have made his election in what tribunal to proceed, and to have thereby waived his constitutional right to sue in the federal court; while the defendant, by omitting to apply for a removal at the first term, should be held in the same way to have waived his constitutional right to have the controversy settled in a different tribunal. Whatever doubts may have been entertained as to the constitutionality of the acts of 1866 and 1867 whereby this long established course of practice was interrupted and changed, those doubts are now to be regarded as settled in favor of the acts. But in interpreting and administering those acts, which merely regulate the mode in which a party may avail himself of his constitutional right in that regard, no construction can be given them which shall have the effect to create jurisdiction in the federal courts, or in any way impair or trench upon the jurisdiction of the several states. That is matter entirely beyond legislative interference or control, always to be determined by a just interpretation of the constitution of the United States. Congress may regulate the enjoyment of the right, but the right itself rests upon the higher guaranties of the constitution.

Here was a suit commenced in August, 1872, by a citizen of New Hampshire against a citizen of Vermont. At the first term, September, 1872, the defendants' right was absolute, under the constitution and the act of 1789, to have the cause removed to the federal court upon furnishing the securities thereby required: not choosing to avail themselves of that absolute right, they still had a qualified right under the act of 1867 to have the cause thus removed, upon filing the affidavit required by that act. Three terms of the state court, separated by intervals of six months, passed, and no application for removal was made. During all this time there was a right, which rested upon the provisions of the constitution as to jurisdiction, because the parties were all the time citizens of different states; and this existing right was doubtless of such a character that its exercise might legally be regulated by act of congress. But then the plaintiff moved into and became a citizen of the same state with the defendants. What is there any longer to uphold the right? The controversy is not now between citizens of different states, but between citizens of the same state. The right was not exercised while it was in existence by virtue of the constitution which alone created it. Jurisdiction was never vested in any federal court. Any different conclusion, drawn from an inspection of the record or a consideration of the state of things existing at the time the suit was commenced, seems to me to rest on ground quite too narrow: an important constitutional right is hardly to be determined by technicalities. If the right had been exercised before the very condition upon which its existence depended was destroyed, and the plaintiff had afterwards removed to Vermont, an entirely different question would be presented. In that case, there would be a foundation for the jurisdiction of the federal court; and when that jurisdiction

has once attached, it clearly cannot be ousted by the subsequent act of either party. The trouble here is, the jurisdiction never attached, and no move was made in the direction of establishing it until the right upon which it must be based was gone.

I have looked into all the cases decided by the supreme court of the United States, supposed to bear upon this question, to which our attention has been called by counsel, but have not been able to find anything which, in my judgment, can be regarded as in conflict with these views. *Kanouse* v. *Martin*, 15 How. 198, is clearly and broadly distinguishable from the present case by the fact that the amendment reducing the amount claimed below five hundred dollars was allowed after the motion to remove had been made and the power of the state court over the cause was at an end.

CUSHING, C. J., concurred.

SMITH, J. This is a petition to remove an action from the circuit court of this state into the circuit court of the United States for this district. The statute under which this petition is brought is the third clause of section 639 of the Revised Statutes of the United States, approved June 22, 1874, which is as follows :

" Third. When a suit is between a citizen of the state in which it is brought and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if, before or at the time of filing said petition, he makes and files in said state court an affidavit stating that he has reason to believe and does believe that, from prejudice or local influence, he will not be able to obtain justice in such state court." There is a further provision for filing bond with surety, &c., for his entering the suit in the federal court, with copies, &c., which it is unnecessary to notice further.

The only question before us is, whether this is a suit " between a citizen of the state in which it is brought and a citizen of another state." It was such a suit at the time it was brought and entered in court, and so continued up to March, 1874; and the case sent up to us from the court below shows that since March, 1874, neither party has been a citizen of this state in which the suit was brought.

The right of removal depends upon the citizenship of the parties,—but whether at the time the suit was brought or at the time the petition for removal was filed, is the question presented for determination.

It was in the power of the defendants to remove this suit into the federal court upon petition filed before the removal of the plaintiff into Vermont. This privilege they did not see fit to avail themselves of. The state court had jurisdiction of the case up to that time, liable, however, to be divested by removal of the cause to the federal court. After the removal of Laird from the state, the action ceased to be any longer a suit " between a citizen of the state in which it was brought and a citizen of another state," but became a suit between citizens of the same state.

It has been repeatedly settled in the supreme court of the United States, that when the jurisdiction of the federal court has once attached, it cannot be divested by a change in the citizenship of the parties. *Wallace* v. *Torrance*, 9 Wheat. 537 ; *Morgan* v. *Morgan*, 2 Wheat. 290 ; *Dunn* v. *Clarke*, 8 Pet. 1 ; *Clarke* v. *Matthewson*, 12 Pet. 170 ; *Greene* v. *Custard*, 23 How. 484 ; *Kanouse* v. *Martin*, 15 How. 207.

If this suit had been removed to the United States circuit court before the removal of the plaintiff to Vermont, the jurisdiction of that court having once attached to the suit could not have been affected or divested by such removal of the plaintiff. The state court has had jurisdiction of this case since the commencement of the suit, liable to be defeated as long as the parties remained citizens of the respective states in which they had their domicile at the time the suit was commenced ; but no steps having been taken to divest the state court of jurisdiction by removal to the federal court when it was in the power of the defendants so to do, it cannot be divested of its jurisdiction when the condition of citizenship upon which such right of removal is grounded no longer exists. It will hardly be contended that where a suit is commenced in a state court between citizens of the same state, the defendant, if the plaintiff should remove into another state, would acquire the right to remove the cause into the federal court, because, upon the strength of the above decisions, the state court cannot be ousted of its jurisdiction when it has once attached.

Upon the same ground I think this petition must be denied, to wit, that the cause not having been removed while the parties were citizens of different states, the jurisdiction of the state court became unalterably attached when the parties became citizens of the same state, and there no longer existed the ground for removal provided by the statute. I know of no practice of the court to authorize the granting of the plaintiff's motion, to be hereafter described in the future orders and processes issued in this case as of St. Johnsbury, Vermont. Although I see no particular objection to it, I see no necessity for granting the motion.

*Petition denied.*