NORTON et al. v. SAN JOSE FRUIT-PACKING CO.

(Circuit Court of Appeals, Ninth Circuit. February 8, 1897.)

No. 313.

RES JUDICATA—PARTIES AND PRIVIES—PATENT-INFRINGEMENT SUITS.
  In a suit against a manufacturer of a machine for infringing a patent, a judgment for defendant, on the merits, on the question of infringement, is conclusive in a suit by the same complainants against a purchaser of the identical machine from said manufacturer.

Appeal from the Circuit Court of the United States for the Northern District of California.

This was a suit in equity by Edwin Norton and Oliver W. Norton against the San José Fruit-Packing Company for alleged infringement of a patent relating to can-heading machines. The circuit court dismissed the bill, with costs to the defendant, and the complainants have appealed.

Munday, Evarts & Adcock and John H. Miller, for appellants.
Wheaton, Kalloch & Kierce, for appellee.

Before ROSS, Circuit Judge, and HAWLEY and MORROW, District Judges.

ROSS, Circuit Judge. This was a suit brought to recover damages for an alleged infringement of letters patent, No. 267,014, of date November 7, 1882, issued to Edwin Norton, for an improvement in machines for heading cans. It was tried in the court below upon an agreed statement of facts, from which it appears that the defendant has never made or sold any can-heading machine which infringes the patent sued on; that the defendant has used one, and only one, can-heading machine, and that one was made and sold to the defendant by Milton A. Wheaton, and was constructed under and in accordance with letters patent No. 477,584, granted to the said Wheaton on June 21, 1892; that the can-heading machine so used by the defendant was sold by Wheaton to him, and was used by the defendant prior to and at the time of the commencement of the suit, and is the one claimed and alleged by the complainants to be an infringement of the patent sued on, and that it was solely by reason of and on account of the use

of that machine by the defendant that the suit was instituted; that on or about August 16, 1892, the same complainants, Edwin Norton and Oliver W. Norton, commenced an action in the United States circuit court for the Northern district of California against the said Milton A. Wheaton, to obtain relief for the alleged infringement of the complainants' patent No. 267,014, sued on in this suit, in which action Wheaton appeared and answered, and that such proceedings were had therein that on July 22, 1893, the court made and entered an interlocutory decree against Wheaton, holding and adjudging that the machines which Wheaton had made and sold were covered by the claims of the complainants' patent No. 267,014, and that the making and selling of such machines by Wheaton constituted an infringement of the complainants' patent; that Wheaton duly prosecuted an appeal from that interlocutory decree to this court, and, after full consideration of the appeal, this court, on October 31, 1895, duly made and rendered its judgment, whereby it adjudged and decreed that the machines so made and sold by Wheaton were not covered by the complainants' patent No. 267,014, and that the making and selling of those machines by Wheaton did not constitute any infringement of the complainants' patent, and reversed the interlocutory decree of the circuit court for the Northern district of California, and ordered that court to dismiss the action against Wheaton; that on or about March 19, 1896, the mandate from this court in the case against Wheaton was filed in the circuit court, and on the same day the circuit court, in pursuance of the mandate, and in accordance therewith, dismissed the action of the complainants against Wheaton, and a judgment and decree was thereupon entered in favor of Wheaton, and against the complainants, for costs; that the can-heading machine used by the defendant in the present suit was the identical can-heading machine that was involved in the case of the complainants, Edwin Norton and Oliver W. Norton, against the said Milton A. Wheaton, and for the selling of which Wheaton was sued by the complainants, as above stated.

Upon this agreed statement of facts, we think it perfectly clear that the judgment of the court below dismissing the bill, with costs to the defendant, was right. The decision of this court in the case of Wheaton v. Norton, 17 C. C. A. 447, 70 Fed. 833, was upon the merits; and it was there adjudged that the same machine, the use of which constitutes the alleged infringement by the defendant in the present suit, was not an infringement of the patent sued on by the complainants; and the judgment of the trial court, entered in pursuance of the mandate of this court, was an adjudication conclusively binding, not only upon the parties to that suit, but upon their privies. Johnson Steel Street Rail Co. v. William Wharton, Jr., & Co., 152 U. S. 252, 14 Sup. Ct. 608; Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 15 Sup. Ct. 733; Railroad Co. v. National Bank, 102 U. S. 14; Stout v. Lye, 103 U. S. 66. The judgment is affirmed.