### NORTON et al. v. SAN JOSE FRUIT-PACKING CO.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1897.)

No. 312.

JUDGMENT IN PATENT SUIT—CONCLUSIVENESS.

　　A judgment by a circuit court of appeals directing the dismissal, on the merits, of a bill for the infringement of a patent, will be followed by that court without any re-examination of the merits on a subsequent appeal in a suit brought against a purchaser of the identical machine which was alleged to infringe in the former litigation, though he had purchased it before the institution of that suit.

Appeal from the Circuit Court of the United States for the Northern District of California.

This was a suit by Edwin Norton and Oliver W. Norton against the San José Fruit-Packing Company for alleged infringement of a patent. The circuit court dismissed the bill, and the complainants have appealed.

This is an appeal from a decree dismissing a bill in equity brought by appellants to restrain the infringement by appellee of six letters patent heretofore granted by the government of the United States to the appellants, on mechanism that is alleged to be useful in machines that are constructed for use in the manufacture of can bodies. No testimony was taken upon the trial of the case

in the circuit court. The suit was tried and heard upon an agreed statement of facts, which is as follows: "That heretofore a suit in equity was brought by these complainants against one Mathias Jensen in the circuit court of the United States for the district of Oregon, upon the same patents which are involved in this suit; that the object of the said suit of these complainants against the said Jensen was to obtain an injunction and the usual accounting for damages and profits for the alleged infringement by the said Jensen upon the same identical patents involved in the present suit, and charged to be infringed by the respondent herein; that testimony was taken and evidence introduced in the said case of these complainants against the said Jensen, and the case was duly submitted to the judge of said court for the district of Oregon, and, after consideration of the same, an interlocutory decree was made and entered therein in favor of these complainants, and against the said Jensen, sustaining the validity of all of said patents, and adjudging that the said Jensen had infringed the same, and awarding the usual accounting for damages and profits; that thereafter the said Jensen duly prosecuted an appeal in the circuit court of appeals for the Ninth circuit from the said interlocutory decree, and, after consideration of the said appeal by the said circuit court of appeals, a decree was duly made and entered by said circuit court of appeals, whereby the said interlocutory decree was reversed, and the cause was remanded to the circuit court for the district of Oregon, with instructions to dismiss the bill, and enter a judgment in favor of the said Jensen for costs, and thereafter the mandate in said circuit court of appeals was duly filed in said circuit court for the district of Oregon, and, in accordance with the terms thereof, a decree was entered dismissing the said bill, and awarding costs to the said Jensen, against the complainants in that suit, the complainants herein; that the respondent herein, the San José Fruit-Packing Company, had used in its business, before the commencement of this suit, and at the time of the commencement thereof was then using, one machine known as a body-former machine, for making can bodies, which said machine was purchased by the respondent herein from said Mathias Jensen, and was one of the identical machines charged by these complainants in the said suit against Jensen to be an infringement of the patents sued on, and for the sale of which the said suit was brought against the said Jensen; that this respondent has not used any other body-former machine save and except the one hereinabove referred to, and has never made or sold any body-former machines of any kind, and it is solely on account of the use of the said body-former machine purchased by the respondent from said Jensen that this suit is brought, and it is the use of that machine which is charged by the complainants to be an infringement of the patents herein sued on; that this case may be submitted to this honorable court for consideration and decision upon the printed transcript of the record in the said circuit court of appeals in the said case, which was brought by these complainants against the said Mathias Jensen, and which is entitled in said circuit court of appeals 'Mathias Jensen, Appellant, vs. Edwin Norton and Oliver W. Norton,' and is numbered 134, together with the above agreed statement of facts and the exhibits that were offered in evidence in said suit against the said Jensen; and upon the submission of this case, as above provided, upon said record, testimony, and exhibits, this honorable court may at once proceed to render such decree herein as it may be advised is proper, the issues herein being identically the same issues that were involved in said case against the said Jensen, and this stipulation being made for the purpose of saving the necessity and expense of taking testimony which would be a mere repetition of the testimony taken in the said suit against the said Jensen. The parties herewith produce a printed copy of the transcript of the record in the said case in the said circuit court of appeals, entitled 'Mathias Jensen v. Edwin Norton and Oliver W. Norton,' and file the same with the papers in the case."

Munday, Evarts & Adcock, John II. Miller, and Crittenden Thornton, for appellants.

Wheaton, Kalloch & Kierce, for appellee.

Before ROSS and MORROW, Circuit Judges, and HAWLEY, District Judge.

83 F.—33

HAWLEY, District Judge (after stating the facts as above). Upon the agreed statement of facts it is argued by appellee that the decree entered by this court in the suit of Machine Co. v. Norton, 14 C. C. A. 383, 67 Fed. 236, is a bar to the relief sought by appellants in this suit; that said decree is a protection to the appellee herein, because it purchased from Jensen the machine which is alleged to be an infringement of appellants' patent, and is therefore in privity with him; and that appellants are estopped from further litigating the same question either against the parties to said suit or their privies.

The general proposition that a judgment or decree of a court of competent jurisdiction between the same parties, and all parties privy thereto, upon the same issues, is, as a plea, a bar, or as evidence conclusive, is well settled. Whenever a cause has been once fairly tried, fully heard, and finally decided, upon its merits, by a competent tribunal, the same questions, as between the same parties or their privies in interest, ought not to be tried over again. They should be considered as forever settled. This rule is necessary for the repose of society. It is in the interest of the public, as well as of the parties, that there should be an end of litigation. It is easy to understand and appreciate the beneficial results which flow from a strict observance of this principle, and to realize the injury which might arise by any relaxation of the rule. In a proper case for its application, courts of justice will not permit the rule to be called in question by any supposed hardship which might exist in any particular case, but will inflexibly adhere to it, regardless of consequences. Parrish's Lessee v. Ferris, 2 Black, 606, 608; Cromwell v. Sac Co., 94 U. S. 351; Stout v. Lye, 103 U. S. 66, 70; Johnson Steel Street Rail Co. v. William Wharton, Jr., & Co., 152 U. S. 252, 261, 14 Sup. Ct. 608; Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 15 Sup. Ct. 733; Forsyth v. City of Hammond, 166 U. S. 506, 517, 17 Sup. Ct. 665; Norton v. Fruit-Packing Co., 25 C. C. A. 194, 79 Fed. 793; Mining Co. v. Dangberg, 81 Fed. 73, 116, and authorities there cited.

It is, however, claimed by appellants that the facts do not bring this case within the general rule, because it distinctly appears therefrom that the sale of the alleged infringing machine by Jensen to the appellee was prior to the commencement of the suit of Norton v. Jensen in the district of Oregon; that the decree rendered in this court in Machine Co. v. Norton, January 28, 1895, long after the commencement of this suit, is not a bar to this suit, and cannot be held to estop appellants from the consideration of their appeal upon its merits. In Freem. Judgm. § 162, the author, in discussing the question as to who are privies to a judgment or decree, said: "It is well understood, though not usually stated in express terms in works upon the subject, that no one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit." See, also, Keokuk & W. R. Co. v. Missouri, 152 U. S. 301, 314, 14 Sup. Ct. 592, and authorities there cited. But, if it be true that a technical bar or estoppel has not been shown, the facts are of such a character as to justify this court in affirming the judgment of the circuit court, without entering into any discussion

of the merits of the case. The appellee purchased its machine from Jensen. It is the same machine as was involved in Machine Co. v. Norton. This court held in that case that the machine in question did not infringe upon any of the Norton patents therein involved. 14 C. C. A. 383, 67 Fed. 236. If the manufacturer of the machine did not, by the making, use, or sale of it, infringe upon any of Norton's patents, it must necessarily follow that the party who purchased the machine, either before or after the suit in question, cannot be held guilty of an infringement by the use of the same identical machine.

Appellants' counsel assert with apparent confidence and great earnestness "that the former decision is wrong, and that equity, justice, and common fairness demand that a contrary decision shall be reached in this case," and that, "when it comes to fully understand the merits of this case, the court will feel itself bound, for the sake of justice and right, to correct and overrule its former decision." We believe counsel to be sincere in the expressions of their views. They have convinced themselves of the soundness of their position. This court, however, after an elaborate presentation of the case by counsel, and after a painstaking and careful consideration of all the questions involved, and the rules and principles announced in the authorities cited, came to a different conclusion. After the case was thus decided, a petition for rehearing was filed, and the court again carefully considered the whole case, and arrived at the conclusion that its former opinion was correct. All the judges participating therein gave to the consideration of the case their best thought, care, and attention, and were unanimous in the views expressed and conclusions reached therein. They are still of the same opinion. This court has never hesitated, when convinced that any views it has expressed upon the facts or conclusions reached upon the law are erroneous, to retrace its steps, and place itself in line with the justice, equity, fairness, and right of the case.

A full examination of all the cases decided in this court upon the Norton patents, which have furnished a wide field of investigation and fruitful source of litigation, will show that there has been more or less difference of opinion expressed by the various judges who have participated in the trials and decisions of the several cases. The writer of this opinion has not at all times been in entire accord with the conclusions reached by the court in some of the cases that have been decided; but, whatever differences of opinion there may have been as to the principles announced in any of the cases, there cannot be any question as to the duty of the court in this case to affirm the judgment of the circuit court herein upon the grounds hereinbefore stated. The judgment of the circuit court is affirmed, with costs.