## LARSON et al. v. GENERAL MOTORS CORPORATION.

No. 159.

Circuit Court of Appeals, Second Circuit.

March 17, 1943.

Rehearing Denied March 23, 1943.

Writ of Certiorari Denied June 1, 1943.

See 63 S.Ct. 1318, 87 L.Ed. ——.

---

Murray M. Cowen, of New York City, for appellants.

Drury W. Cooper and Drury W. Cooper, Jr., both of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiffs appeal from two judgments: One, in favor of the defendant upon a counterclaim to their first cause of action, which declared invalid Patent No. 1,983,983, issued on December 11, 1934, to the plaintiffs for an improvement to motor cars, and enjoined them from threatening the defendant or its customers with infringement; the other, dismissing their second cause of action for damages for the defendant's appropriation of an "idea," imparted to it by the plaintiffs in confidence. The complaint, filed on May 5, 1939, alleged as a first cause of action that the defendant had infringed the plaintiffs' patent and asked damages but no injunction; the answer, filed on May 23, 1939, denied the infringement and alleged that the patent was invalid; it also pleaded the counterclaim of which we have just spoken, to which the plaintiffs filed a reply on October 13, 1939. On June 15, 1939, the plaintiffs demanded a trial by jury, but that was more than ten days after answer, and too late, upon both causes of action in the complaint, Rule 38(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It was also too late to demand a jury on the trial of the counterclaim, because more than twenty days had passed without replying to it, Rule 12(a); and the plaintiffs were therefore in default, Rule 55(a) and (d). The calendar commissioner therefore placed all three cases on the non-jury calendar; but on June 30, 1939, the district court relieved the plaintiffs of their waiver as to both causes of action in the complaint and set down the trial of them upon the jury calendar, retaining however the trial of the counterclaim upon the non-jury calendar.

After interlocutory proceedings not necessary to set out, the cause came on for trial on June 20, 1940 before a judge and jury, and at the opening the plaintiffs consented that judgment upon the merits should be rendered against them on the first cause of action, but only upon the ground that the defendant had not infringed the patent. They then moved that the counterclaim should be dismissed because the entry of a judgment dismissing the first cause of action ended any existing controversy over the patent, and deprived the court of jurisdiction over the counterclaim. This motion the judge overruled, and proceeded to try the issues raised by the counterclaim without a jury, in accordance with the order just mentioned. At the conclusion of the trial he found as a fact that the defendant had manufactured and sold the cars alleged to infringe before the date of invention claimed by the plaintiffs and that this invalidated the patent. On August 12, 1941, he entered a judgment: (1) dismissing the first cause of action on the merits upon the plaintiffs' stipulation that the defendant had not infringed the patent; (2) upon the counterclaim declaring that the patent was invalid, and enjoining the plaintiffs from threatening to sue anyone as an infringer who should sell or use cars bought from the defendant, 40 F.Supp. 570. The plaintiffs appealed from this judgment on November 8, 1941, but have not brought before us the evidence taken upon the trial; the record consists only of the findings and conclusions of the judge and certain interlocutory proceedings not necessary to state. Upon that appeal they wish to raise only: (1) whether the district court retained any jurisdiction to declare the patent invalid under the counterclaim, after their consent to the dismissal upon the merits of the first cause of action; (2) if it did, whether they were not entitled to a jury trial.

The judgment of August 12, 1941, left the plaintiffs' second cause of action undisposed of, and on August 2, 1941 (in spite of the fact that no judgment had yet been entered on the counterclaim), the defendant moved for summary judgment, dismissing the second cause of action on the ground that the findings of fact were an estoppel as to all material issues involved, and that nothing remained for trial. On December 30, 1941, the district court so held, and dismissed the second cause of action by the second judgment now before us on appeal. 2 F.R.D. 294. That appeal, as we shall show, must succeed if the judge should not have undertaken to declare whether or not the patent was valid.

Before the plaintiffs consented to a dismissal of the first cause of action on the merits there can be no question that the court had formal jurisdiction under the Constitution to pass upon the validity of the patent in the counterclaim, although it may not have been necessary to do so, in view of the pendency of the first cause of action. The "controversy" then existing between the parties extended, not only to the defendant's infringement of the patent, but to its validity; the plaintiffs had alleged that it was valid and were obliged to maintain it, if they were to succeed. When they consented to the dismissal of

the first cause of action, the situation changed; and only the most shadowy controversy over the validity of the patent thereafter remained. Whether that did, or did not, put an end to the already existing jurisdiction, in the constitutional sense we need not decide. There are indeed many cases holding that the jurisdiction of a federal court, once attached, is not lost by later changes which would have defeated it, if they had occurred before the suit was filed. This has not been confined to cases of diversity of citizenship, where during the progress of the action the parties become citizens of the same state, although that was the first occasion on which it was announced. Morgan's Heirs v. Morgan, 2 Wheat. 290, 4 L.Ed. 242. The Supreme Court—to say nothing of inferior federal courts—has applied the doctrine in a number of different situations, of which those cited in the margin are by no means all.* Thus, it could be argued that, even though the plaintiffs' consent put an end to any controversy as to the validity of the patent, it did not put an end to the court's constitutional jurisdiction. On the other hand, in many cases the Supreme Court has either dismissed appeals,—or reversed judgments on the merits and directed the lower court to dismiss the action—because the circumstances have so changed after the judgment 'has been entered that no controversy is left and the case has become moot. We have very recently considered this question at length in Cover v. Schwartz, 2 Cir., 133 F.2d 541, where the controversy also arose over a patent, and where the judge had dismissed the complaint only for invalidity, though he had also said in his opinion that the defendant did not infringe. We agreed that the judge might have decided on both grounds but we dismissed the appeal upon the argument before us when the plaintiff conceded that the defendant did not infringe, because we held that that ended our jurisdiction. The reason why it is unnecessary to decide whether the court lost constitutional jurisdiction in the case at bar is that, even if it retained jurisdiction, the circumstances were such as made any exercise of it improper. In situations where a court has a discretion to refuse to act there is in-

deed a logical propriety in first deciding whether it has any jurisdiction at all and then in deciding whether to exercise it. But if it must in any event refuse to act, it can make no difference to the parties whether it has formal jurisdiction or not; its refusal to act leaves them in precisely the same position as though it had no power to act. As will appear, the validity of the patent had ceased to have any substantial importance to the parties as soon as the plaintiffs consented to judgment on the merits, and the court in the exercise of its discretion should have refused to adjudicate so much of the counterclaim as called for a declaration as to the invalidity of the patent.

■■ It is true that Rule 57 provides that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate"; but that has been construed not to mean that the action will lie whenever there is a pending controversy, regardless of the need for it. Whether to entertain the action rests in the discretion of the judge, whose exercise of it is reviewable as in other cases. This had been several times decided by circuit courts of appeal before both the majority and minority of the Supreme Court in Brillhart v. Excess Insurance Company, 316 U.S. 491, 62 L.Ed. 1173, 86 L.Ed. 1620, held that the action lay only in cases where it could be of some practical convenience to the parties. In the case at bar a judgment dismissing the first cause of action upon the merits put an end to any controversy as to those cars which the plaintiffs had alleged to infringe, and as to any others which the defendant was then making which they did not so allege. It was unlike the judgment which we held not to bar a declaratory action in Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, for that was not upon the merits and did not bar a second action. Moreover, the bar of the judgment was available to the defendant's customers, as well as to the defendant, for they are regarded as privies to such a judgment. Norton v. San Jose Fruit-Packing Co., 9 Cir., 83 F. 512; General Chemical Co. v. Standard Wholesale P. & A. Works, 4 Cir., 101 F.2d 178, 183. Finally, the plaintiffs had not

---

* Dunn v. Clarke, 8 Pet. 1, 8 L.Ed. 845; Clarke v. Mathewson, 12 Pet. 164, 9 L.Ed. 1041; Kanouse v. Martin, 15 How. 198, 14 L.Ed. 660; Green v. Custard, 23 How. 484, 16 L.Ed. 471; Cooke v. United States, 2 Wall. 218, 17 L.Ed. 755; Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911; St. Paul Indemnity Co. v. Red Cab Company, 303 U.S. 283, 293–296, 58 S.Ct. 586, 82 L.Ed. 845.

threatened the defendant with suits against any future designs of cars which it might make; they might do so it is true, but they had not, and there was no reason to suspect that they would, for the defendant did not contemplate any change in design, so far as appears. It is quite true that the judgment might not be complete relief to the defendant, for the plaintiffs might sue its customers even though the customers had a good defense. An injunction forbidding the plaintiffs to do so was therefore proper; but a declaration of invalidity was not necessary for that purpose.

■ But that is not all. Not only did the defendant have no interest in such a declaration except the purely speculative one that in the future it might so change the design of its cars that the plaintiffs would sue it again; but the plaintiffs had a recognizable interest that the validity of the patent should not be considered. We do not mean their interest merely in avoiding a cloud upon the patent, but their interest in the outcome of the second cause of action which remained undecided. They had the privilege of trying that to a jury, and while it is true that the validity of the patent would not as such be a factor in their success in that trial, they might well apprehend—as later turned out to be true —that in passing upon the issue of validity in the counterclaim the court would find facts that would be fatal to the second cause of action. That would indeed be no reason for denying the remedy to the defendant, if it had had more than the tenebrous interest in a declaration of invalidity which we have mentioned; but when the question was of the exercise of discretion, the conflicting interests should be balanced; and the only substantial interest of the defendant that we can see is that a declaration made under the counterclaim might enable it to avoid a trial of the second cause of action to a jury, as it did. That interest was of course one which the court could not properly recognize.

■ For these reasons we conclude that the judge should have refused to make any declaration as to the validity of the patent, and that that part of the judgment on the counterclaim together with the supporting findings should be deleted. The findings in substance were, as we have said, that the defendant had made all the cars alleged to infringe the patent, earlier than the date of the plaintiffs' application and of the date of the supposed communi-

cation of the "idea." It still remains true, to be sure, that the judgment dismissing the second cause of action was right when it was entered, for at that time the judgment in the counterclaim contained the declaration of invalidity to which the findings were essential. It might therefore be argued that we should only modify the judgment on the counterclaim and affirm the judgment upon the second cause of action, with leave to the plaintiffs to apply to the district court to vacate that judgment after the judgment on the counterclaim had been modified. But it is unnecessary to put the parties to that trouble merely to make the practice formally perfect. We shall anticipate the intermediate steps, and reverse the judgment on the second cause of action at the same time that we modify the judgment on the counterclaim.

The judgment, dismissing the first cause of action and granting relief under the counterclaim is modified by striking out the declaration as to the validity of the patent; and is otherwise affirmed.

The judgment dismissing the second cause of action is reversed.

Costs to the plaintiffs.

On Petition for Rehearing.

PER CURIAM.

The petition for rehearing is based upon our affirmance of Knaust Bros. Inc. v. Goldschlag, 2 Cir., 119 F.2d 1022, on the opinion below, D.C., 28 F.Supp. 188. When that case was in this court the appellant's brief (page 2) contained the following passages: "Plaintiff does not appeal from such judgment insofar as it relates to the higher numbered patent in suit (No. 2,097,-766)." No. 2,097,766 was the patent which the plaintiff had acknowledged that the defendant did not infringe, but on whose validity the district judge had nevertheless passed. Again: "The sole issue raised on this appeal is whether the claims of the Knaust patent No. 2,034,678 involved invention." No. 2,034,678 was the other patent: i.e., that which the plaintiff continued to charge the defendant with infringing. Also in the appellee's brief (page 2) appeared the following: "Since the appellant in its brief now obviously concedes the invalidity of No. 2,097,766 in view of the form of its notice of appeal (II, 1250) that part of the judgment should be affirmed without further comment. It leaves, therefore, the sole issue on this ap-

peal, insofar as the plaintiff is concerned, whether the claims of patent No. 2,034,678 involve invention." In view of the foregoing, it is unnecessary to labor the argument that we did not pass upon the point involved in this appeal.

Petition denied.