Mary B. BELL and Thomas E. Bell,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. T-3083.

United States District Court
D. Kansas.

July 17, 1962.

Jerry W. Hannah, of DuMars, Davis & Bennett, and Tilton, Burkhead & Nelson, Topeka, Kan., for plaintiffs.

Newell A. George, U. S. Atty., R. Stanley Ditus, Asst. U. S. Atty., Topeka, Kan., for defendant.

TEMPLAR, District Judge.

This case was filed on May 25, 1962. The plaintiffs alleged in their Complaint that the suit was authorized under the provisions of 28 U.S.C. § 1346, and Chapter 171 of Title 28 of the United States Code, known as the Federal Tort Claims Act. The allegations in the Complaint are summarized as follows:

On or about May 27, 1960, plaintiff Mary B. Bell, who was residing in Japan as a military dependent, was duly admitted as a surgical patient into the 6022d U.S.A.F. Hospital, Tokyo, Japan, which is known as the Johnson Air Station Hospital. This admittance for surgery was for the purpose of removing a fetus and was under the direction and advice of one of defendant's agents. Allegedly, the surgery was not completed even though plaintiff was informed to the contrary and was dismissed. Due to the failure to complete the operation, the plaintiff Mary B. Bell sustained allegedly unnecessary grievous and excruciating pain and permanent injuries which are progressive in nature.

Thomas E. Bell, husband of plaintiff Mary B. Bell, bases his cause of action upon the same factual situation above summarized and sues for a loss of comfort, society and consortium which he suffered by reason of his wife's disabling injuries.

At the same time the Complaint was filed, a motion for production, inspection and copying of certain documents kept at Forbes Air Base Hospital, Topeka, Kansas, at Johnson Air Station, Japan, or at any other place was filed, and it was requested that this motion be set for May 29, 1962.

On May 28, 1962, service of summons was duly made and, in accordance with the motion for production, inspection and copying of documents, a hearing was held on May 29, 1962. The Court at that time determined that under Rule 6(d), F.R.Civ.P. 28 U.S.C. and in the interest of fair and orderly justice, the defendant had not been allowed adequate time to meet the motion. Thereupon, the motion was set for June 6, 1962. At that hearing, after the arguments of counsel were heard, it was the judgment of the

Court that the motion should be sustained. The Court had in mind the liberal objectives of the rules of civil procedure and concluded on the basis of statements of counsel that the plaintiffs should be granted and were entitled to the opportunity of inspecting and copying whatever documents were available at Forbes Air Base Hospital, at Johnson Air Station, Japan, or at any other place. The Order of the Court was that plaintiffs' attorneys would be provided an opportunity to inspect the Forbes Air Base Hospital records by not later than June 13, 1962, and any other records not held at Forbes Air Base within a reasonable time not to exceed thirty days, subject to the condition that additional time might be granted to the defendant upon its application if more time should be required.

The next day, June 7, 1962, the defendant filed a motion to vacate the order for production, and a motion to dismiss. The motion to dismiss challenged the jurisdiction of the Court on the ground that the complaint plainly shows that the alleged negligent conduct of the defendant fell within the jurisdictional exclusion provided by subsection (k) under Title 28 U.S.C. § 2680.

Notwithstanding the pending motion to vacate the order for production and the pending motion to dismiss, the defendant, in accordance with this Court's order for production, produced certain records retained at Forbes and copies thereof were made and given to the plaintiffs' attorneys. On June 25, 1962, after serving proper notice, a deposition of the custodian in charge of records at the Forbes Air Base Hospital was taken by plaintiffs, and this deposition revealed that not all of the records retained at Forbes relating to plaintiffs' case had been produced and shown to plaintiffs' attorneys. This disclosure precipitated a motion filed by plaintiffs for compliance with the order to produce for inspection and copying.

At a hearing before the Court on July 11, 1962, arguments were heard on defendant's motion to vacate the order for production of certain documents; in support of the defendant's motion to dismiss for lack of jurisdiction under 28 U.S.C. § 2680(k), and in support of plaintiffs' motion for compliance with the order to produce documents in defendant's possession.

Ordinarily, in such a situation, the Court would defer consideration of the motion to dismiss in order that facts could be more fully developed. The rule is well stated in 2 Moore's Federal Practice, p. 2245:

> " * * * a complaint should not be dismissed for insufficiency unless it appears to be a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."

■ The Court must examine the complaint in a manner most favorable to the plaintiff and give the allegations therein their most favorable inferences. Virgin Islands Corporation v. W. A. Taylor & Co., 2 Cir., 1953, 202 F.2d 61; Gruen Watch Co., v. Artists Alliance, C.A.Cal., 1951, 191 F.2d 700; Sidebotham v. Robison, C.A.Cal., 1955, 216 F.2d 816. The pleader in most cases must be given an opportunity to prove his claim.

However, in the instant situation, there seems to be no basis for any further discovery proceedings relevant to developing the averments in this complaint into a claim which could be given jurisdictional sanctity in the Federal Courts. On the record before it, there is no other information needed for the Court to make a determination on the motion to dismiss, nor could additional information or evidence cause a contrary conclusion.

■■ The Court deems it unnecessary to consider extensively the status of Johnson Air Force Hospital located at Tokyo, Japan, as far as 28 U.S.C. § 2680(k) is concerned. The exclusion,

"any claim arising in a foreign country", has been discussed in other cases and these cases are compiled in an annotation at 63 A.L.R.2d 993 entitled "Scope and effect of 'foreign country' exclusionary provision of Federal Tort Claims Act." The Court notes, however that the term "foreign country" denotes territory subject to the sovereignty of another nation and the term as used in the exception to the Federal Tort Claims Act means all lands other than those within the boundaries of the United States and those territories and possessions referred to in Title 48 of the United States Code Annotated. United States v. Spelar (1949) 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3. Jurisdiction in such cases, therefore, is confined to areas over which the United States has complete sovereignty. The general law applicable in such a situation is found at 20 Am.Jur. Sec. 59, p. 81, wherein it is stated:

"All courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government, the laws of which they administer and of the extent and boundaries of the territory under which they themselves can exercise jurisdiction. Judicial cognizance is taken of whether or not given territory is within the boundaries of the United States."

Consequently, the Court takes judicial notice of the fact that the Johnson Air Force Hospital located at Tokyo, Japan, is within a foreign country.

Counsel for plaintiffs argues skillfully and strenuously that in any event Rule 37(b) (2) should be applied under the circumstances. The pertinent part of this rule reads:

"If any party or an officer or managing agent of a party refuses to obey * * * an order made under Rule 34 to produce any document or other thing for inspection, copying, or photographing or to permit it to be done * * * the court may make such orders in regard to the refusal as are just, and among others the following:

* * * * * *

"(ii) An order refusing to allow the disobedient party to support or oppose designated claims or defenses * * * ;

"(iii) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; * * *."

By not producing all of the documents available at Forbes Air Base Hospital, it is argued that the defendant chose to subject itself to the actions that could be taken under the aforementioned rule. The first penalty suggested is that defendant should not be allowed to interpose any defenses; in other words, the lack of jurisdiction is waived by the refusal to comply with the Court's order to produce. The second penalty suggested is that there should be an order staying further proceedings until the order is obeyed. The third penalty suggested is that a judgment by default should be rendered against the disobedient party.

The Court concedes that the Federal Rules of Civil Procedure offer such alternatives to private litigants under similar circumstances and the Court feels that under the Federal Tort Claims Act, the Government is in the same position as a private individual defending against a tort action. (Reynolds v. United States, 3 Cir., 192 F.2d 987, 996.)

Notwithstanding, in considering the application of Rule 37(b) (2) to the situation presently at hand, the Court is mindful that when want of jurisdiction is recognized, particularly if raised by a motion to dismiss for lack of jurisdiction, at any stage of the proceedings, it must act accordingly by staying all

proceedings and dismissing the action. (Larson v. General Motors Corporation, 2 Cir., 134 F.2d 450.)

Furthermore, since the Court has determined that no other information is needed to rule on the motion to dismiss because the claim arose within a "foreign country", the Court must conclude that it is without jurisdiction to hear and determine the cause and that under such circumstances it would be powerless to render a judgment under the law. See cases cited at 23 Words & Phrases Jurisdiction, p. 360. Therefore, since the Court would be powerless to render a valid and enforceable judgment, proposed penalties one and three aforementioned can not be assessed.

There remains for consideration proposed penalty number two (supra) that there should be an order staying further proceedings in the case until the order to produce is obeyed. This deserves no extended comment. It is sufficient to say that the Court can conceive of no legally justifiable reason for withholding a decision to dismiss, where the Court lacks jurisdiction of the cause. Nothing more could be gained by compliance with the order to produce that would be of aid or of benefit to these plaintiffs in this proceeding. The additional information would not alter the outcome of this action and the procurement thereof would only unnecessarily annoy and harass the defendant.

When a motion to dismiss is sustained on the grounds that the Court lacks jurisdiction over the subject matter of the action, such ruling constitutes a final appealable adjudication of plaintiffs' rights (Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83) and until that final order is set aside, the trial Court has no power to consider any further proceedings looking to the trial of the issues between the parties.

The Court is not holding that it is without authority to act upon the failure to comply with its order. On the other hand, nothing would be gained for these plaintiffs in this proceeding by any action taken in that regard.

The motion of defendant to dismiss is sustained and judgment is entered accordingly at Topeka, Kansas this 17th day of July, 1962.