## BUCKY et al. v. SEBO et al.

United States District Court
S. D. New York.

April 23, 1951.

Paul Kolisch, New York City, for plaintiffs.

Emanuel R. Posnack, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

The complaint in this case charges the defendants with infringement of three Letters Patent, No. 2,239,379, No. 2,292,044 and No. 2,422,077. The complaint seeks an injunction against the defendants from further infringement, an accounting of profits and damages, and costs and attorneys' fees.

The answer and the amended answer deny the material allegations of the complaint and set up seven affirmative defenses and a counterclaim. All of the affirmative defenses allege the invalidity for one reason or another of the plaintiffs' Letters Patent. The counterclaim seeks a declaratory judgment that the Letters Patent are invalid and void and that they are not infringed.

The defendants now move for a partial summary judgment as to two of the patents. With respect to Patent No. 2,239,-379, they ask for a summary judgment of non-infringement; with respect to Patent No. 2,422,077 they ask for a summary judgment of invalidity.

The defendants' claim with respect to Patent No. 2,422,077 is that it is void and invalid because there was a public use or sale of the invention more than one year prior to the filing of the application therefor.

By answers to interrogatories and other affirmative statements the plaintiffs have withdrawn their charge of infringement of Patent No. 2,422,077.

A serious question exists whether at the trial the Court should undertake to adjudicate the invalidity of this patent in the face of the withdrawal by the plaintiffs of their claim of infringement. Certainly, with this grave doubt existent, upon a mere motion for summary judgment the Court should not make an adjudication upon the counterclaim in the face of a withdrawal of the claim of infringement. The case of Larson v. General Motors Corporation, 2 Cir., 1943, 134 F.2d 450, seems to be determinative of this point. In that case the plaintiff admitted non-infringement before the trial and upon this stipulation judgment was entered dismissing his cause of action for infringement. Then, however, the district court stated that it was not deprived of jurisdiction to pass on the counterclaim and held the patent invalid. The Court of Appeals reversed this holding and struck out the declaration of the district court finding the patent invalid. It held that after the plaintiff's consent to dismissal of the first cause of action "the situation changed; and only the most shadowy controversy over the validity of the patent thereafter remained." 134 F.2d 453. If, as the Court of Appeals held in the Larson case, only the most shadowy controversy over the validity of the patent remained, is not the shadow even thinner on a motion for summary judgment long in advance of the trial where the plaintiffs assert that they are withdrawing their claim for infringement?

Accordingly, the motion of defendants for summary judgment of invalidity of Patent No. 2,422,077 is denied. Since plaintiffs have withdrawn their allegations of infringement of this patent their complaint as to infringement of Patent No. 2,422,077 is dismissed.

In connection with Patent No. 2,239,379, the affidavits submitted in support of the motion for summary judgment of non-infringement contend that the claims of this patent do not cover the accused structure owing to the difference in the design and function of a single member. The dispute centers around the detachable member which is also known as the focusing member and provides a form of "self-focus". It is contended that plaintiffs' member is adapted to shift a movable part of the camera coincidentally with the attachment of that member to the camera. It is further contended that the comparable member of the accused structure has no portion which is adapted to shift the movable camera part and that there is no shifting action by the detachable member coincidental with the attachment of the member to the camera part. Therefore, the defendants contend there is not and cannot be infringement.

Plaintiffs, on the other hand, contend that this is an erroneous interpretation of both the patent and the accused camera, for in both structures substantially the same kind of means are used in substantially the same manner for the same purpose and with the same result. The plaintiffs' contention in short is that while the insertions of the detachable member are quite different, the result in both instances is the same—in both instances force is applied for tensioning the spring by the user of the camera. In the case of the plaintiffs' detachable member the spring is tensioned by pushing while in that of the defendants it is tensioned by manually pulling.

The affidavit of Walter S. Bleston, mechanical engineer and patent attorney, is submitted in opposition to defendants' motions and just as the defendants' affidavits dwell at great length in emphasizing the difference between their product and that covered by plaintiffs' patent, so does Dr. Bleston's affidavit dwell at great length in demonstrating the similarity between the two. Dr. Bleston emphasized the contention that the defendants' structure and the patent structure do substantially the same

work in substantially the same way and accomplish the same result.

It is apparent to me that an adjudication as to infringement can only be made after hearing witnesses on the functioning of the complicated photographic cameras in issue, the meaning of the patent in the light of its disclosure, the interpretation of the Patent Office file wrapper, and evidence on the state of the prior art if that becomes an issue at the trial.

Such complicated issues should not be summarily adjudged on the basis of affidavits. See Engineering Development Laboratories v. Radio Corporation of America, 2 Cir., 1946, 153 F.2d 523. Judge Learned Hand there stated, 153 F.2d at page 525: "Upon a motion for summary judgment it was improper to deny the plaintiff the right to a trial, for we cannot know to what equivalents Cisin's original claims would have been entitled; that is a question which can never be determined until the position of the invention in the whole art has been made plain."

 For a motion for summary judgment to be granted, there must be no genuine issue as to any material fact. The plaintiffs strenuously oppose the defendants' motion for summary judgment and raise questions of fact which the plaintiffs are entitled to have determined upon a trial.

While I have compared the two cameras and the two detachable members, I cannot upon this mere application for a summary judgment, absent the opportunity to hear expert witnesses and observe their demeanor on the stand, render an opinion with respect to their similarity or dissimilarity. Indeed, the opportunity should be given to both sides to cross-examine opposing witnesses and experts. See Chas. Fischer Spring Co. v. Motion Picture Screen & Accessories Co., D.C.S.D.N.Y., 1940, 36 F.Supp. 227; Engineering Specialties Co. v. Burgess Battery Co., D.C. D.N.Y., 1941, 40 F.Supp. 1014. A substantial question of fact exists as to whether or not there is an infringement and I believe that the trial court is the proper forum to pass on this question.

Furthermore, it was also asserted on the argument of this motion that the accused cameras are identical with the cameras which the defendants sold under a license agreement from the plaintiffs for four and a half years, and that during that period the defendants paid royalties to the plaintiffs.

I believe that the adjudication of the complicated and disputed issues as are presented here should not be made in a summary proceeding on affidavits. See Colby v. Klune, 2 Cir., 1950, 178 F.2d 872.

The motion of defendants for summary judgment of non-infringement of Patent No. 2,239,379 is denied.

Settle an order in accordance with this decision.