**CARTER PRODUCTS, Inc. v. KAHN.**

**Civ. A. No. 11230.**

United States District Court
E. D. New York.
Nov. 21, 1951.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City (H. Stanley Mansfield, New York City, of counsel), for plaintiff.

Emil K. Ellis, New York City, for defendant.

BYERS, District Judge.

This is a plaintiff's motion for summary judgment under Fed. Rules Civ. Proc. Rule 56, 28 U.S.C.A., in a declaratory judgment cause having for its object a decision concerning the validity of defendant's U.S. Patent No. 2,170,531 granted August 22, 1939; and also as to infringement of his U.S. Patent No. 2,203,156 granted June 4, 1940.

As to the first, reliance is had upon the defendant's failure for eight years to disclaim claims 1, 2, 3, and 4, in spite of a holding by the Board of Examiners of interference awarding priority of invention as to them, to Allyne H. Smith, whose application ripened into Patent No. 2,281,604, granted May 5, 1942.

The pertinent facts relevant to this motion are not in dispute. The Kahn Patent Application was filed September 21, 1936, nearly five months later than Smith (April 24, 1936), and on November 21, 1939 (three months after issue of the Kahn Patent), notice of reference to the Examiner of Interferences as to three of Kahn's claims was mailed to his attorneys; this notice was supplemented as to the remaining one, under date of May 3, 1940.

The decision of the Board was dated May 17, 1941, following final hearing on April 24th which involved the taking of testimony for both parties, and the argument of counsel. The closing paragraph of the determination reads: "For the reasons as fully set forth above, we are of the opinion that the party Kahn has failed to support his burden of proof in establishing prior conception and reduction to practice and for that reason, priority of invention of the subject matter in issue is hereby awarded to Allyne H. Smith, the senior party."

Kahn's Patent as issued embraces 17 claims; it is apparently not disputed that those involved in this declaratory judgment suit are not 1, 2, 3, and 4, the subject matter of the said Interference.

On July 1, 1949, over eight years after the said decision of the Board of Examiners, Kahn filed a disclaimer in the Patent Office as to claims 1, 2, 3, and 4. During the interval Kahn took no steps within the Patent Office, or in Court, to vindicate his Patent as granted, although legal ways were open to him for that purpose.

This action was started by the filing of a complaint on November 16, 1950. The Answer was filed 26 days later.

The plaintiff's motion presents the contention that Kahn is not in a position to claim the benefit of Title 35 U.S.C.A. § 71 (R.S. 4922)—which reserves to the first inventor so much of his patent "which was bona fide his own, if it is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right * * *. But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer."—for failure to comply with the closing sentence quoted.

The Patent is for apparatus for mixing a liquid with gas, seemingly as presently embodied in a device for whipping cream and dispensing it in that form.

The filing of a disclaimer, which is the necessary preliminary step to the exercise of the right to assert infringement of a

Patent in its then diminished aspect, is found in Title 35 U.S.C.A. § 67 (R.S. 4917).

The defendant's contentions, if understood, are:

(a) The Board of Examiners "did not find that defendant's claims were invalid". As to those in interference, the Board found that Kahn had not demonstrated prior invention over Smith.

The inevitable consequence of that decision was to deny validity to Kahn's invention to the extent indicated, and to visit upon him the requirement of either vindicating his Patent as granted, by resort to appropriate procedure, or of disclaiming so much as had thus been found to be untenable according to his disclosure.

(b) The plaintiff was not misled since its own product "was manufactured and sold without any knowledge of or reference to" Kahn or his Patents. This seems to mean that Kahn's Patent cannot be thought of as having exercised any restraint upon the plaintiff's efforts, either in its scope as issued in 1939, or as later diminished. It is thought that this contention does not meet the requirements of the statute as quoted, or the rule of decision in this circuit.

█ Once the Kahn Patent was brought into question as to these claims, and by adversary office action was found to be deficient in the respects indicated, it could no longer function according to the terms of its grant, unless and until that action were to be superseded by subsequent authorized revision. Whether in fact it was a menace to the plaintiff, or to the public, has nothing to do with its own inherent qualities which are solely of statutory origin, and subject to the infirmities so ordained.

In this connection it is urged that, since this cause involves claims other than the first four, "failure to make a disclaimer does not invalidate the entire patent.'"

The cases relied upon are Pennington Engineering Co. v. Spicer Mfg. Corp., 6 Cir., 165 F.2d 59; Otis Elevator Co. v. Pacific Finance Corp., 9 Cir., 68 F.2d 664; France Mfg. Co. v. Jefferson Electric Co., 6 Cir., 106 F.2d 605.

The first of these citations—a decision of the Sixth Circuit—seems to favor the defendant's position; it appears that invalidity was conceded as to claim 18, on the trial, and hence there should have been a prompt disclaimer, which did not occur for four years, thereby affording evidence of unreasonable neglect and delay, which under Ensten v. Simon, Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453, and Maytag Co. v. Hurley Mach. Co., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264, might require a holding of invalidity of the entire patent. However, the opinion continues to the effect that claim 18 was "not a 'material or substantial part' of the" patented device; its advantage lay in economy of manufacture: "It embodies none of the principal features of the Pennington device, and has no real connection with this controversy." While the disclaimer should have been filed, failure in that respect does not invalidate the entire patent. The citations are of the other two cases above noted, neither of which was rendered in this Circuit. Moreover, in each the decision seems to have been that the disclaimer involved was unavailing to save validity; in the Otis case it was filed more than one year after the filing of a Master's report of invalidity as to claim 37. The opinion of Judge Mack contains an interesting study of the history of the disclaimer statutes and practice. In the course of that discussion, he does write, 68 F.2d at page 667: "No disclaimer is necessary when the parts covered by the invalid claim are not material or essential parts of the invention." The invalidity which the Court was dealing with lay in the functional description of the device claimed in the patent, and, 68 F.2d at page 670: "It fell because it specified substantially nothing but a function. * * * We conclude, therefore, not only that the claim 37 was found invalid on grounds which would require seasonable disclaimer, but also * * *." The Second Circuit case of Radio Condenser Co. v. General Instrument Corp., 65 F.2d 458, later to be noticed, was referred to with

approval, and the defendant's motion to dismiss for failure to disclaim was granted.

France Mfg. Co. v. Jefferson Electric Co., supra [106 F.2d 610], has no application. There it was held that an announcement by counsel at the final hearing on the part of plaintiff that certain patent claims were withdrawn; i. e., "We simply don't declare on those claims. We don't abandon them." was not a concession of invalidity thereof, and hence no disclaimer was called for.

Radio Condenser Co. v. General Instrument Corp., supra, is a Second Circuit case which this Court is required to follow. That was an infringement cause, in which a counterclaim was interposed charging infringement by plaintiff of defendant's own patents to Cohen. The dismissal of the counterclaim was affirmed where it appeared that an interference had been declared "between three of Cohen's claims and an earlier application for a patent by one Chamberlain". Cohen offered no testimony and priority as to those claims was awarded to Chamberlain. Neither Cohen nor his assignee appealed or sought to vindicate the Cohen patent by litigation. Nearly four years later this suit was begun and then the counterclaim was filed, which was the first attempt to vindicate the Cohen patent as granted; also no disclaimer was ever filed.

The decision is squarely in point unless the filing of the Kahn disclaimer eight years after the award of priority of invention as to claims 1, 2, 3, and 4, to Smith, stands in the way.

It seems that it is too clear for discussion that the lapse of eight years on the part of Kahn falls within the following language of the opinion, 65 F.2d page 459: "When the patentee receives his warning from a competent official, whether it be by decision of a District Judge or of a Patent Office Examiner, he should be compelled to make good his claim or to renounce it. A patentee who is beaten in an interference may by appeal carry his case through the Patent Office to an appellate court (citing statutes); or * * * he may sue the interfering patentee. * * * During all this time (four years) the patentee has been threatening the art with a doubtful claim, and done nothing to obtain a judicial declaration of its validity. Under the doctrine of the Ensten Case (Ensten v. Simon, Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453, involving a two years' delay in disclaiming), the counterclaim for infringement was properly dismissed."

The only debatable aspect of this motion would be presented perhaps by the Pennington Case, supra if that had been decided in this Circuit. There may be a plausible suggestion of hardship in depriving a patentee of an opportunity to litigate the contention that enough of his invention survived his Patent Office defeat, to enable him to assert validity and infringement against one who never heard of his patent; but whether his invention was a patentable one at the inception of this cause, is governed by the applicable statutes and their construction, not upon abstractions otherwise prompted. Cf. Apex Electrical Mfg. Co. v. Maytag Co., 7 Cir., 122 F.2d 182, at page 188 et seq.

Since no issue of fact is presented, this aspect of plaintiff's motion must prevail, see Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 148 F.2d 792.

The second aspect of plaintiff's motion has to do with the Kahn Patent No. 2,203,156, as to which infringement is charged against plaintiff in the counterclaim above referred to.

The defendant made answer to one of plaintiff's interrogatories in this form: " * * * defendant has decided to withdraw the counterclaim relating to Letters Patent No. 2,203,156, and will stipulate that said Letters are not being infringed by the aforesaid product of plaintiff. However, this withdrawal and concession shall not be interpreted as a concession that the said Letters Patent are invalid."

That is the entire record on this subject, and apparently the counterclaim is still in the case as a pleading. This motion is addressed thereto, and for effectual disposition it must be granted, i. e., the

plaintiff is entitled to summary judgment of non-infringement of the Patent No. 2,203,156.

I find nothing in Bucky v. Sebo, D.C., 97 F.Supp. 277, 278, to the contrary. Under similar circumstances as to infringement the opinion says: "Since plaintiffs have withdrawn their allegations of infringement of this patent their complaint as to infringement of Patent No. 2,422,077 is dismissed." This quotation did not form a part of the excerpt from the opinion which appears in defendant's brief.

In both aspects, plaintiff's motion is granted. Settle order.