**REYNOLDS PEN COMPANY, Plaintiff,**

v.

**W. A. SHEAFFER PEN COMPANY,**
**Defendant.**

United States District Court
S. D. New York.
July 10, 1958.

Herman Seid, New York City, for plaintiff. Fred Gerlach, Norman Gerlach, Chicago, Ill., of counsel.

Burgess, Ryan & Hicks, New York City, for defendant. Olson, Mecklenburger, VonHolst, Pendleton & Neuman, Chicago, Ill., of counsel.

FREDERICK van PELT BRYAN, District Judge.

In this suit for patent infringement defendant moves for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A.

The amended complaint alleges infringement of a patent for a marking implement owned by plaintiff entitled "Implement for Applying Fluid and Semipaste Materials". The patent expired subsequent to the commencement of this action and the complaint as amended seeks only money damages for the alleged infringement up to the date of expiration and counsel fees. The only issues in the suit, apart from damages, are the validity and alleged infringement by the defendant of Claim No. 5 to plaintiff's patent.

Defendant's motion for summary judgment is predicated solely on the ground that Claim No. 5 of the patent is not infringed by the accused device. No questions as to the validity of the patent are now raised.

Defendant asserts that the material submitted on this motion conclusively establishes, as a matter of law, that the

accused device does not infringe Claim 5 of the patent in suit, as plaintiff claims, and that there are no material questions of fact which require a trial.

The marking implement described in the patent specifications comprises a rigid tubular reservoir within which a column of marking fluid is dispensed through a tip in its lower portion. The opening in the tip is sealed by a ball held by a spring. When the implement is to be used the tip is pressed against the surface to be marked, the ball is forced into the tip against the spring, and the marking fluid flows through the tip onto the writing surface.

One of the objectives of the patent is to subject the fluent material in the reservoir to a constant and controlled pressure so that it will flow evenly through the tip. For this purpose a weighted cylindrical follower of wood or metal is placed on top of the column of marking fluid inside the reservoir and this exerts pressure on the fluid which causes it to have an even and regular flow.

Defendant manufactures ball pens which have an outer casing in which a removable cartridge is mounted. The cartridge has a tubular reservoir to hold the ink and a writing tip assembly. The ink supply flows through the writing tip and is deposited on the writing surface by the rolling action of a writing ball.

The defendant's cartridge, like the patented device, also contains a cylindrical follower placed above the column of writing fluid in the tubular reservoir. This follower is made of a non-melting heavy grease which has about the same physical characteristics as lubricating grease used on automobiles. When placed on the surface of the ink column in the reservoir the follower moves downward through the reservoir as the ink is used until the ink has been exhausted. A new cartridge unit may then be inserted.

The central issue here relates to the equivalency of the weighted follower described in the patent in suit, particularly in Claim 5, and the grease follower used in the accused device, and the action of these followers when the devices are used.

Defendant contends that the grease follower which it uses is not adapted to exert pressure on the ink column within the reservoir, and that for this and other reasons it is not the equivalent of the device specified in Claim 5. Defendant principally relies on a series of tests conducted by its own employees during depositions taken by it and attended by plaintiff's counsel, which, it asserts, establish conclusively (1) that the grease follower in the accused device is not a "weighted" follower and does not exert pressure on the ink column; (2) that the defendant's pen will write when it is not in vertical position; and (3) that the follower is not of the type specified in the patent specification. It points to admissions by plaintiff that it has made no tests of its own to demonstrate infringement, and relies on other admissions claimed to have been made by plaintiff which it says demonstrates that there is no merit to the claim of infringement.

Defendant also claims a file-wrapper estoppel so limiting and circumscribing the scope of Claim 5 of the patent as to exclude its covering the accused device.

Plaintiff vigorously disputes defendant's claims of non-infringement. It asserts that the tests made by defendant's employees do not establish what defendant claims, and that such facts as have been established have quite different significance from that ascribed to them by defendant. Such facts include the comparison of the substances comprising the grease follower in the accused device with the specific gravity of the inks used, the fact that the grease follower follows the ink column down the tubular reservoir when ink is expended but does not move freely up and down an empty reservoir, the relative weights of the follower used in connection with writing fluids of various viscosities, the effect

of air pressures and gravity upon the pressure which may be exerted by a follower, and the meaning of the word "weighted" as applied to the follower described in the patented device.

Plaintiff contends (and I agree) that it has made no admissions that its claim of infringement has no merit. Finally, it denies the existence and effect, if any, of the file-wrapper estoppel on which defendant relies.

The issue on a motion for summary judgment is not what determination of fact the court would make if it were called upon to decide the case on the papers before it. The question is whether or not there are any issues of fact to be determined. If so, they cannot be determined on the motion but must be tried, in this case to a court and jury. Colby v. Klune, 2 Cir., 178 F.2d 872; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130.

After a careful review of the matter submitted by both sides on this motion it does not appear to me that defendant has conclusively established that there is no material issue of fact to be tried here and that there is no infringement as a matter of law, nor do the plaintiff's alleged admissions, relied upon by defendant, establish defendant's affirmative case.

For example, it appears that the grease follower used in the accused device does, in fact, follow the ink column down the tubular reservoir as it is expended. Whether, as defendant contends, the follower exerts no pressure whatsoever on the ink column but merely seals the ink from the air, or whether it fulfils the same purposes and functions as the weighted follower in the plaintiff's device, is a question of fact.

This question and other similar questions cannot be summarily adjudged by affidavits and depositions of the defendant's employees. Such questions are the appropriate subject of expert testimony and the court should have the opportunity to hear such witnesses, observe their demeanor on the stand, and form an opinion with respect to similarity or dissimilarity predicated on evaluation of their testimony. Moreover, the opportunity should be given to both sides to cross-examine opposing witnesses and experts. Bucky v. Sebo, D.C. S.D.N.Y., 97 F.Supp. 277. Indeed, the questions of credibility of witnesses should not be determined on a motion for summary judgment but are peculiarly for the trial court. Colby v. Klune, supra. Cf. Vermont Structural Slate Co., Inc. v. Tatko Bros. Slate Co., 2 Cir., 233 F.2d 9. Motions for summary judgment are approached with great circumspection in this circuit at least and should not be granted where there is the slightest doubt as to the facts. Doehler Metal Furniture Co. v. United States, supra, 149 F.2d at page 135.

In my opinion there are material issues of fact as to the alleged infringement in this case which require a trial. The defendant's motion for summary judgment is therefore not well taken and accordingly is in all respects denied.

Settle order on notice.