**SERVAAS & COMPANY, Inc., Plaintiff,**

v.

**Lawrence L. DRITZ, Stanley L. Dritz, Eugene F. Dritz and Julius Elson, DBA John Dritz & Sons and John Dritz & Son, Inc., Defendants.**

United States District Court
S. D. New York.
June 15, 1960.

Kenyon & Kenyon, New York City, for plaintiff, Francis T. Carr, Richard A. Huettner, New York City, Lockwood, Woodard, Smith & Weikart, Harold R. Woodard, Indianapolis, Ind., of counsel.

James & Franklin, New York City, for defendants, Maxwell James, New York City, of counsel.

HERLANDS, District Judge.

In this action for patent infringement, defendants move for summary judgment. F.R.Civ.P., rule 56, 28 U.S.C.A.

The complaint was filed September 23, 1959. Plaintiff's patent is entitled "Resilient Garment-Supporting Hoop, And Garment," Patent No. 2,675,551. Defendants are accused of infringing upon said patent "by selling in this district apron hoops which are dominated by the claims of said patent" (Complaint, par. V).

The answer, filed October 13, 1959, denies the material allegations of the complaint and pleads the affirmative defenses of invalidity of plaintiff's patent (for anticipation, lack of invention, improper issuance of plaintiff's patent by the United States Patent Office), file wrapper estoppel, laches and equitable estoppel. The answer also interposes a counterclaim for a declaratory judgment that plaintiff's patent is invalid and, if valid, not infringed. On November 2, 1959, plaintiff filed its reply to defendants' counterclaim.

On March 18, 1960, defendants filed the following papers:

1. Notice that, upon the trial, defendants will rely in support of one of their defenses upon sixteen patents, as numbered, named, and dated in the notice.

2. Note of Issue reciting, *inter alia:* "Plaintiff has had full opportunity to adequately prepare for trial; plaintiff on November 13, 1959, took the deposition of the defendants by its witness Mr. Alfred B. Caring, and completed the taking of such depositions. * * * The case is in all respects ready for trial."

Defendants' motion for summary judgment is made upon the following papers and exhibits:

1. Ten-page affidavit of Alfred B. Caring, sworn to April 28, 1960.

2. Copy of the patent in suit: Ser-Vaas Patent No. 2,675,551 (Exhibit 1).

3. Plaintiff's published patent notice, from Notion And Novelty Review, November 1959 (Exhibit 2).

4. Plaintiff's letter to Woolworth, November 23, 1959 (Exhibit 3).

5. Plaintiff's letter to Sears Roebuck & Co., February 24, 1960 (Exhibit 4).

6. Plaintiff's letter to Leonards, February 5, 1960 (Exhibit 5).

7. Defendants' Apron Clips (Exhibits 6a, b, c).

8. Defendants' label of its Apron Clips (Exhibit 7).

9. Folder of Prior Art Patents, containing copies of filed drawings and specifications of fifteen prior patents (Exhibit 8).

10. Certified copy of the file wrapper and contents of the file relating to the patent in suit (Exhibit 9).

Plaintiff's opposing papers and exhibits are the following:

1. Four-page affidavit of Corena S. SerVaas, sworn to May 21, 1960.

2. Exhibits A through J, showing the public reception accorded to plaintiff's hoop.

3. Six-page affidavit of Beurt R. Ser-Vaas, sworn to May 25, 1960.

Defendants have submitted a twenty-seven page brief in support of their motion, the grounds of which are stated by defendants to be as follows:

"1. a) Defendants' accused 'Apron Clips' do not infringe the patent in suit, No. 2,675,551;

b) Plaintiff is estopped by the proceedings in the United States Patent Office in the matter of the application for said patent from asserting that defendants' accused 'Apron Clips' infringe said patent; and

2. The patent in suit is invalid in view of the prior art."

Plaintiff has submitted a twenty-seven page Brief in opposition.

■ A study of the entire record before this court clearly demonstrates that the determination of the alleged validity of United States Letters Patent No. 2,675,551 (issued to Corena S. SerVaas) and the alleged infringement thereof by the defendants involves a number of genuine and material issues of both fact and law. These issues should be resolved at a plenary hearing, where witnesses may be examined and cross-examined, where testimony may be given by experts

familiar with the art, and where the products of both sides may be searchingly studied. The validity of plaintiff's patent and the infringement of said patent by defendants' apron clips cannot be satisfactorily determined on the record presented by this motion.

■ The sole affidavit submitted by defendants—that of its merchandise manager (Alfred B. Caring)—reads like and is essentially a patent lawyer's brief. Cf. Sartor v. Arkansas Gas Corp., 1944, 321 U.S. 620, 624–625, 626, 628, 64 S.Ct. 724, 88 L.Ed. 967. It should consist only of a statement of facts based upon the affiant's personal knowledge, inasmuch as Caring states (p. 8) that he is "not a patent expert."

In this circuit the courts have frequently reiterated the proposition that summary judgment may not be granted where there is the slightest doubt as to the facts. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464; Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130; Subin v. Goldsmith, 2 Cir., 1955, 224 F.2d 753; United States v. Holland-America Line, 2 Cir., 1956, 231 F.2d 373; Oroz v. American President Lines, 2 Cir., 1958, 259 F.2d 636. See Harris v. Fawcett Publications, Inc., D.C. S.D.N.Y.1959, 176 F.Supp. 390, 394–395; United States v. Manufacturers Casualty Ins. Co., D.C.S.D.N.Y.1957, 158 F. Supp. 319, 320–321.

■ That general policy has been particularly emphasized in patent infringement cases. In patent infringement litigation, the court must exercise unusual caution before disposing of the case summarily. Vacheron & Constantin-Le-Coultre Watches, Inc. v. Benrus Watch Co., 2 Cir., 1958, 260 F.2d 637, 641–642; Bridgeport Brass Co. v. Bostwick Laboratories, 2 Cir., 1950, 181 F.2d 315;

Bucky v. Sebo, D.C.S.D.N.Y.1951, 97 F. Supp. 277; Reynolds Pen Co. v. W. A. Sheaffer Pen Co., D.C.S.D.N.Y.1958, 22 F.R.D. 502; Refractolite Corporation v. Prismo Holding Corporation, D.C.S.D. Y.1938, 25 F.Supp. 965; Engineering Development Laboratories v. Radio Corporation of America, 2 Cir., 1946, 153 F. 2d 523, 525.

■ Summary judgment will not be granted in a patent infringement case where, for example, the court lacks necessary special knowledge; or where it is desirable to hear expert witnesses and to hear them cross-examined; or where there are conflicting affidavits as to differences and similarities in construction and function; or where there are conflicts concerning the meaning of the specifications and claims, the interpretation of the file wrapper and the Patent Office action, and the significance of the prior art. It cannot be said in this case that to deny the motion "would be an absurd waste of time and effort." See Vermont Structural Slate Co., Inc. v. Tatko Bros. Slate Co., 2 Cir., 1956, 233 F.2d 9, 10.

■ Under the proper circumstances, summary judgment may be granted in a patent infringement action, as elsewhere. Vermont Structural Slate Co., Inc. v. Tatko Bros. Slate Co., supra; Harris v. Fawcett Publications, Inc., D.C.S.D.N.Y. 1959, 176 F.Supp. 390, 394; Old Colony Envelope Co. v. Boyajian, D.C.D.Mass. 1959, 176 F.Supp. 627; George P. Converse & Co., Inc. v. Polaroid Corp., D.C. D.Mass.1956, 141 F.Supp. 631. See 6 Moore's Federal Practice (1953) 2238, et seq.

Judged by the criteria expounded in the above-cited cases, defendants' motion for summary judgment must be, and hereby is, denied. So ordered.