COAST METALS, INC., a corporation,
Appellant,

v.

WALL COLMONOY CORPORATION, a
corporation, Appellee.

No. 18173.

United States Court of Appeals
Ninth Circuit.

March 27, 1963.

Christie, Parker & Hale, Robert L. Parker and Andrew J. Belansky, Pasadena, Cal., for appellant.

Lyon & Lyon and Charles G. Lyon, Los Angeles, Cal., and Harness, Dickey & Pierce, Don K. Harness, and Neal A. Waldrop, Detroit, Mich., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and FOLEY, Jr., District Judge.

FOLEY, Jr., District Judge.

Coast Metals, Inc., brought suit for infringement of Patent No. 2,755,183 and Patent No. 2,743,177 against Wall Colmonoy Corporation. The appellee denied infringement, alleging invalidity because of prior use and prior invention due to the state of the art at the time of the alleged invention.

The District Court entered a judgment finding both patents invalid and Coast Metals, Inc. now appeals from so much thereof as deals with Patent No. 2,743,-177.

The patent here involved is of Nickel-Silicon-Boron alloys purported to have unusual adherence properties and low melting points, thus making them desirable for use in a process of coating certain other metals, which process is known as "hard facing". It is advantageous to be able to accomplish this process at relatively low temperatures and apparently such a process is commonly involved in the manufacture of jet engines.

This patent was issued to appellant on April 24, 1956, on the application filed May 2, 1952, by Arthur T. Cape, the inventor and assignor of Coast Metals, Inc.

Appellant protests that Wall Colmonoy's alloy, "Nicrobraz 130", infringes certain claims of its patent. However, before there can be an infringement there must be a valid patent. Diversey Corp. v. Charles Pfizer & Co., 7 Cir., 1958, 255 F.2d 60, certiorari dismissed, 358 U.S. 876, 79 S.Ct. 116, 3 L.Ed.2d 106. It therefore becomes evident that if the trial court's Findings of Fact Nos. 6, 7, 8, 9 and 10, upon which its conclusion of invalidity of this patent is based, are correct, we need not examine the infringement issue per se.

The statutory requisites for a valid patent are set forth in 35 U.S.C. § 102 provides, in part:

"A person shall be entitled to a patent unless—

"(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

"(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States * * *."

Section 103 provides, in part:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. * * *"

For present purposes it may be stated that the substance of Findings Nos. 6, 7, 8, 9 and 10 is that prior to 1951, appellee originated and sold publicly a family of nickel based, hard facing alloys known as Colmonoy No. 4, No. 5, No. 6 and No. 20; that these come within the scope of the patent in question and have substantially the same characteristics and service or use properties as claimed for the alloys disclosed in the patent.

Appellant admits that these prior art Colmonoy alloys were in public use and on the market in this country more than one year prior to the filing of the application for this patent. However, it speci-fies as error those findings which make the analogies between the alloys disclosed in the patent and the prior art Colmonoy alloys referred to above.

The composition of the alloys disclosed in the patent may be seen from the following claims:

CLAIM #1

| Silicon | About 2.5 to 5.5% |
| Boron | About 0.75 to 5.25% |
| Nickel | Balance, essentially * |

CLAIM #3

| Silicon | Not over 5.0% |
| Boron | 2.65 to 5.25% |
| Nickel | Balance, essentially * |

CLAIM #4

| Silicon | 4.5 to 5.2% |
| Boron | 2.0 to 3.5% |
| Nickel | Balance, essentially * |

The composition of the Colmonoy prior art alloys is as follows:

COLMONOY NO. 4

| Silicon | Not over 8% ** |
| Boron | 2 to 3% |
| Nickel | 75 to 85% |
| Chromium | 8 to 14% |

COLMONOY NO. 5

| Silicon | Not over 9% ** |
| Boron | 2 to 4% |
| Nickel | 71 to 81% |
| Chromium | 10 to 17% |

COLMONOY NO. 6

| Silicon | Not over 10% ** |
| Boron | 3 to 5% |
| Nickel | 63 to 73% |
| Chromium | 15 to 22% |

COLMONOY NO. 20

| Silicon | Not over 7% ** |
| Boron | 1 to 2% |
| Nickel | 80 to 90% |
| Chromium | 5 to 9% |

---

* The record, as well as the specification of the patent itself, amply supports the finding that these claims, as qualified by the term, "Balance essentially nickel" or the term, "Substantially all nickel" covers or includes alloys containing quantities of iron, chromium and manganese in a total amount of less than 5%.

** May contain some iron and/or carbon.

It is readily seen from a cursory examination of the two families of alloys that although the precise proportions of the component metals are not duplicated, the prior art alloys fall within the scope of the enumerated claims of the patent. Appellant's own evidence shows that a small amount of carbon, if present in the composition shown in the patent claims, would be of little or no significance.

The evidence before the trial court consisted, inter alia, of numerous publications, patents, physical specimens, analyses and test results. Much of this material was explained by expert witnesses and there is conflict in their testimony. Yet, the record indicates a substantial degree of evidence from which the trial court would be justified in finding that Wall Colmonoy's prior art alloys possess the same general characteristics and properties as those in suit.

 The findings of the trial court will not be disturbed unless clearly erroneous. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C. Stauffer v. Slenderella Systems of California, 9 Cir., 1957, 254 F.2d 127. We feel they are adequately supported.

 The rearranging of the proportions of the particular ingredients may result in a variance of one or more of the particular properties such as hardness or melting point. Such treatment, however, of already familiar ingredients in order to produce a commercially desirable result is insufficient to constitute invention, for the result is no more than a step forward in the gradual development and improvement of the then existing art. Patentable invention requires new or substantially new general characteristics or utility; a composition clearly distinguishable from that previously established and commonly known by those whose labors bring them in touch with such matters.[1]

We are not unmindful of appellee's argument that the Patent Office was misled into granting the patent in question and that there is some evidence in support thereof, but we confine our review to those matters specifically designated as error.

The patent in suit being invalid, the judgment is affirmed.

1. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 1945, 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973; Railroad Supply Co. v. Elyria Iron & Steel Co., 1917, 244 U.S. 285, 37 S.Ct. 502, 61 L.Ed. 1136; Welsh Co. of California v. Strolee of California, Inc., 9 Cir., 1963, 313 F.2d 923; Griffith Rubber Mills v. Hoffar, 9 Cir., 1963, 313 F.2d 1; Van Brode Milling Co. v. Cox Air Gauge System, 9 Cir., 1960, 279 F.2d 313; Minnesota Mining & Manufacturing Co. v. Coe, 1938, 69 App.D.C. 217, 99 F.2d 986; Bethlehem Steel Co. v. Churchward International Steel Co., 3 Cir., 1920, 268 F. 361, certiorari denied, 255 U.S. 572, 41 S.Ct. 376, 65 L.Ed. 792.