**KOLLSMAN INSTRUMENT CORPORATION, Plaintiff,**

v.

**ASTEK INSTRUMENT CORP., Defendant.**

United States District Court
S. D. New York.

Jan. 9, 1964.

Ostrolenk, Faber, Gerb & Soffen, New York City, for plaintiff; Sidney G. Faber, New York City, of counsel.

Hubbell, Cohen & Stiefel, New York City, for defendant; Maurice B. Stiefel, New York City, of counsel.

WYATT, District Judge.

The motion is by defendant ("Astek") for a summary judgment in an action for patent infringement. The judgment is demanded on defendant's amended counterclaim for a declaratory judgment; the nature of the judgment demanded is that the device *"presently* being made and sold by defendant" (emphasis supplied) does not infringe the patent in suit. The motion is thus for a partial summary judgment and is authorized by Fed.R.Civ.P. 56(b).

The motion is denied in the exercise of discretion, primarily because if the issue of *present* infringement, as posed by the amended counterclaim, were decided in favor of defendant (that is, that there is no *present* infringement) this would not dispose of all claims in the action. A trial would still be necessary

of the claims of plaintiff based on past admitted infringement (trial of these claims would require decision as to the validity of the patent in suit) and the amended counterclaim of defendant would still remain asking for a declaration of invalidity. It seems better, as a matter of judicial administration, to dispose of all claims and the amended counterclaim at that trial rather than to attempt a piecemeal disposition. See 6 Moore's Federal Practice (2d ed.) 2154–60, 2165. For a recent discussion of judicial administration in patent causes, see Stewart-Warner Corp. v. Westinghouse Electric Corp., 325 F.2d 822 (2d Cir. 1963).

Kollsman and Astek are both manufacturers of aircraft instruments. Astek was organized some time around the end of 1960 by Schroeder and others who had theretofore been employed by Kollsman.

Since the advent of night flying years ago, there has been a problem how to illuminate the increasing number of instruments required for the guidance of pilots. The crux of the problem is the necessity to have uniform illumination of the instrument dial without having a glare in the eyes of the pilot or a distracting "spill" of light to areas adjacent to the dial.

Stearns, an employee of Kollsman, developed in or about 1957 an "integral double wedge lighting system" which is claimed to have added significantly to the prior art in this field and which for brevity may be called the "Stearns system".

An application for a patent covering the Stearns system was filed on September 25, 1957.

Beginning at least in 1958, Kollsman made and sold aircraft instruments embodying the Stearns system (see copyright notice in Exhibit 2 to affidavit of Angus).

After Astek was organized and apparently from about the end of 1961, it began to make and sell aircraft instruments also embodying the Stearns system. It was enabled to do so without great difficulty because many of the Astek engineers had been employed by Kollsman and were familiar with the developments of Kollsman. Indeed, the engineer who set up the Astek instrument designs was Angus, who had been employed by Kollsman from 1942 to 1961 and who says (affidavit, page 6) that he "was intimately familiar" with the Stearns system. Angus after 1962 returned from Astek to the employ of Kollsman.

A United States patent, No. 3,040,168, issued to Kollsman (as assignee of Stearns) under date of June 19, 1962. This is the patent in suit. Many of the original claims were not allowed and this, with much other history in the "file wrapper", gives rise to conflicting contentions by the parties which, in view of the conclusion reached, need not be examined.

The action was commenced by the filing of a complaint in this Court on May 16, 1963. A preliminary and a final injunction against infringement were asked, with an accounting for damages, costs, etc.

Astek says that it was served with the summons and complaint on May 21, 1963 and had not known theretofore of the existence of the patent in suit (although it had knowledge of the Stearns system, as indicated).

About June 4, 1963, Astek was advised by its counsel that its devices infringed the patent in suit but that a specified change in design would avoid any infringement. Astek made the suggested change and says that from about June 12, 1963 its changed devices have not and do not infringe the patent in suit.

The amended answer of Astek, filed June 25, 1963, denies the validity of the patent in suit, admits infringing the patent in suit "in the past" (paragraph 6) and denies "that it still is infringing" (paragraph 6).

The amended answer contains an amended counterclaim for a declaratory judgment (28 U.S.C. § 2201) that the

patent in suit is invalid and, if valid, not infringed.

The motion asks for summary judgment that the devices made and sold by Astek since about June 12, 1963 do not infringe the patent in suit.

It will thus be seen that to grant the present motion would still leave pending the amended counterclaim to the extent that it asks for a declaration of invalidity and would still leave pending the claims of Kollsman based on the admitted infringement as to the devices made from about the end of 1961 to about June 12, 1963.

The only attempt for Astek to deal with this situation is the assertion that the part of the case left for trial (if its present motion be granted) would be "of so little practical importance that it is reasonably certain that no trial would be necessary to dispose of the rest of the case" (Brief, page 15). There is nothing in the record to show the "importance" of a declaration as to the validity of the patent or of the admitted infringement during the period indicated. Kollsman does not suggest that it will drop any of its claims. The Court cannot speculate that, for some reason not now evident, there would be no trial of the issues which would remain.

The situation thus seems inappropriate for partial summary judgment. It is like that "where a portion of an action may be ripe for summary judgment but it is intertwined with another claim(s) that must be tried". 6 Moore's Federal Practice (2d ed.) 2165. The principle has been found frequently to require denial of motions for summary judgment. For example, see Paul E. Hawkinson Co. v. Dennis, 166 F.2d 61 (5th Cir. 1948); Burgans v. N. Y. Central R. R. Co., 192 F.Supp. 222 (S.D.N.Y. 1961); Bernardo v. Bethlehem Steel Co., 169 F.Supp. 914 (S.D.N.Y.1959); Staffin Lewis Corp. v. Rose Derry Co., 9 F.R.D. 704 (D.Mass.1950).

Moreover, summary judgment is very rarely proper in a patent case where as here the field is technical, the experts are in disagreement, the position in the art of the patent in suit must be understood, the commercial effect of the patent in suit may be relevant, etc. These considerations have shaped an attitude of extreme caution—at least in this Circuit —in granting summary judgment in patent cases. For example, see Engineering Develop. Lab. v. Radio Corp. of America, 153 F.2d 523 (2d Cir. 1946); Servaas & Co. v. Dritz, 185 F.Supp. 61 (S.D.N.Y.1960); Reynolds Pen Co. v. W. A. Sheaffer Pen Co., 22 F.R.D. 502 (S.D.N.Y.1958); Bucky v. Sebo, 97 F.Supp. 277 (S.D.N.Y.1951); Refractolite Corp. v. Prismo Holding Corp., 25 F.Supp. 965 (S.D.N.Y.1938). Such considerations are even more weighty when a *partial* summary judgment is involved.

Nothing herein contained is meant to indicate any opinion as to the validity of the patent in suit or as to whether the revised, or post June 1963, device of Astek infringes.

The motion is denied.

So ordered.